## EQUALIZATIONS MADE BY BOARD OF REVIEW.

Circuit Court of Hamilton County.

MOONEY, TRUSTEE, V. RICHARDSON, AUDITOR, ET AL.

Decided, May 16, 1908.

*Taxation—Complaint Before Board of Review—Authority of Board with Reference to Equalization—Taxes Paid on an Excessive Valuation May be Applied in Payment of Legal Taxes, When.*

While the jurisdiction of a board of review, sitting as an annual board of equalization, is ordinarily confined to lots and lands in the immediate vicinity of the parcel as to which complaint is made, it may be exercised over lots and lands in another locality or district within the corporation, if not exercised for the purpose of a general revaluation of property in the district, a purpose which may be inferred if the additions are largely in excess of the reduction.

*Burch & Johnson,* for Mooney.
*Ireton, Collins, Schoenle & Poor,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

In order to give the board of review, sitting as an annual board of equalization, jurisdiction over the property of plaintiff, it was not necessary that a complaint be filed against the valuation of his property, but only by an owner of real estate interested in a new equalization. *Davis v. Investment Co.,* 76 O. S., 407.

The land of such owner may be grossly over-valued as compared with a large number of lots in the same locality or district which are relatively uniform in value, and yet the amount deducted from the valuation of the former may be distributed over the latter so as to make the entire group uniform in valu-

ation.    It is this process of equalization that makes the number of parcels of land acted upon so disproportionate to the number of complaints entertained and extends and enlarges the inquiry by the board.

Ordinarily the equalization should be confined to lots or lands in the immediate vicinity of the lots complained of, but as the power of the board is co-extensive with the boundaries of the municipal corporation it may, in a proper case, be exercised over lots or land not in the same locality or district but within the corporation.    It may not, however, be exercised for the purpose of a general revaluation of the real estate in any locality or district, and where the additions are largely in excess of the reductions such purpose will be inferred. · There is nothing in the evidence to show that the action of the board was unjust or arbitrary to the extent at least of adding to his lot a proportionate amount of the reductions made in the valuation of other lots.    Indeed the statement filed by him with the board before action taken shows "our views as to increase" are substantially the same as those finally adopted by the board.

We are of the opinion, therefore, that the plaintiff is entitled to an injunction restraining the collection of the excess over his proportionate share of the additions rendered necessary by the reductions of $— made by the board.

The taxes paid voluntarily can not be recovered; but the taxes paid for the first half of 1906 may be applied to the payment of the legal tax for the whole year.    *City of Cincinnati* v. *James et al*, 55 O. S., 180.

Decree accordingly.